# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FELIPE LOTHRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV430 NAB |
| | ) |
| ST. LOUIS POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff's filing of an amended complaint. Plaintiff, a federal prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is an amount that is reasonable based upon the information the Court has about plaintiff's finances. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff files this § 1983 action alleging that defendant St. Louis City Police Department violated his Fourth Amendment rights when its police officers stopped his vehicle and arrested him on a federal warrant, and subsequently searched his home.

On July 17, 2013, plaintiff was arrested by the St. Louis City Police Department on a federal warrant for violation of his supervised release. He was taken to the police station and booked based on his federal warrant. Plaintiff alleges the officers coaxed his wife, under duress, to consent to a search of plaintiff's home. Upon searching plaintiff's bedroom, the officers found a gun and drugs, which plaintiff denies were his. Again under duress, plaintiff alleges the police officers forced plaintiff's wife to write a statement stating the gun and drugs were plaintiff's. Plaintiff was charged with two additional felony counts for violation of Missouri controlled substance law, one misdemeanor count of violation of Missouri law, felon in possession of a firearm, and possession of paraphernalia.

On August 29, 2013, plaintiff was sentenced in this Court to thirty-six months' imprisonment for violating the terms of his supervised release. *See United States v. Lothridge*, No. 4:01-CV-458 CEJ (E.D. Mo. Aug. 29, 2013). After receiving the federal sentence, he was returned to the custody of the state. On October 24, 2014, plaintiff was sentenced by the state to

ten years' imprisonment on his state charges. He was released by the state authorities on April 11, 2016, via parole, to the exclusive custody of federal authorities. He commenced his federal sentence on April 11, 2016, and remains incarcerated in the Federal Bureau of Prisons. *See* ECF No. 7-1 at 4.

**Discussion**

As an initial matter, the plaintiff's complaint is legally frivolous as to defendant St. Louis City Police Department because municipal departments cannot be held liable under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments are not suable entities because they are subdivision of city government). Because plaintiff is proceeding pro se, however, the Court will liberally construe his complaint as being against the unidentified police officers that allegedly falsely arrested him and performed an illegal search of his home. As to these claims, the Court will dismiss them without prejudice under the Supreme Court doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Under *Heck*, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Here, a judgment in favor of plaintiff in this § 1983 action alleging false arrest and an unlawful search would necessarily imply the invalidity of plaintiff's continued imprisonment. But his conviction or sentence has not been reversed, expunged, or called into question by an issuance of a writ of habeas corpus. Under the *Heck* doctrine, therefore, the Court must dismiss this § 1983 action. In order to allow plaintiff to pursue these § 1983 claims in the

event his conviction is invalidated in the future, the Court will dismiss his action without prejudice. *See Schafer*, 46 F.3d at 45 (dismissal of *Heck*-barred claim modified to be without prejudice).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 6]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's motion for an addendum to previous filing is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of August, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).